J-S21041-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CARL GOULD | : | |
| | : | |
| Appellant | : | No. 1405 MDA 2025 |

Appeal from the Judgment of Sentence Entered August 21, 2025
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0002581-2023

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED JULY 02, 2026**

Carl Gould appeals from the judgment of sentence, imposing nine to 25 years of incarceration after he pleaded guilty to various drug manufacturing, delivery, and possession charges.[1]  We affirm.

On May 9, 2023, police executed a search warrant for Gould's home. They found 147.4 grams of cocaine, 23 suboxone strips, a blender with white residue, boxes of Ziploc baggies, cutting agent, and $1,650.

The Commonwealth charged Gould with drug-dealing offenses, and he pleaded guilty.  Two weeks later, Gould moved to withdraw his guilty plea.  In his motion, he summarily claimed to be innocent of the crimes charged without any factual support for that claim.  The trial court denied relief and sentenced him as described above.

This timely appeal followed.

---

[1] *See* 35 Pa.C.S.A. § 780-133(a)(30), (32).

Gould raises one issue. He contends the trial court abused its discretion by denying his motion to withdraw the guilty plea. His appellate argument is essentially a challenge to the Commonwealth's evidence to make its *prima facie* case against him. **See** Gould's Brief at 11-13 (contending that the Commonwealth did not establish that he owned the searched residence or that he lives there alone, such that there is reasonable doubt as to whether Gould manufactured, possessed, and intended to distribute the drugs in the home).

Critically, Gould did not allege any of those grounds of actual innocence in his motion to withdraw the guilty plea. He needed to raise these alleged deficiencies in the Commonwealth's evidence in his motion to withdraw the guilty plea to preserve these claims. Because Gould did not, he deprived the trial court of the opportunity to consider his claims of factual innocence in the first instance. Therefore, we dismiss his contention that the Commonwealth cannot make a *prima facie* case against him as waived. **See** Pa.R.A.P. 302(a); **see also Trigg v. Children's Hospital of Pittsburgh of UPMC**, 229 A.3d 260 (Pa. 2020) (holding that issues and legal theories not raised in the trial court are waived and may not serve as a basis for appellate relief).

Moreover, if a "defendant merely makes a bare assertion that he is innocent without any proffer of any supporting basis for that claim, the trial court in its discretion may deny withdrawal on the ground that the defendant has not shown a fair and just reason for withdrawal of the plea." **Commonwealth v. Jamison**, 284 A.3d 501, 505 (Pa. Super. 2022). Because Gould did not identify any facts to support his bald claim of innocence

- 2 -

***in his motion*** to the trial court, that court's decision to deny his motion to withdraw the guilty plea was not an abuse of discretion.

Accordingly, we adopt Judge Jeffery D. Wright's 1925(a) Opinion, which clearly, rationally, and correctly disposes of Gould's claim of error, as our own. The parties are directed to attach that 1925(a) Opinion to this decision in all future filings related to this matter.

Judgment of sentence affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 07/02/2026